# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **T.A.**

**No. 15-1184** (Kanawha County 14-JA-212)


## MEMORANDUM DECISION


Petitioner Mother K.E., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's November 18, 2015, order terminating her parental rights to T.A. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), W. Jesse Forbes, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and denying her request for post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner stole a car and attempted to purchase drugs with two-year-old T.A. in the car. The DHHR also alleged that her drug abuse and criminal activity prevented her from being an appropriate parent. As a result of the incident, petitioner was criminally charged with child endangerment, grand larceny, child neglect creating risk of injury, and driving without a license. Petitioner waived her right to a preliminary hearing in the abuse and neglect proceedings.

In October of 2014, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and moved the circuit court for a post-adjudicatory improvement period. The circuit court granted petitioner's request and ordered that petitioner participate in adult life skills and parenting classes, random drug screening, and supervised visits with T.A. The circuit court also ordered that petitioner complete a drug rehabilitation program. Following petitioner's adjudication, between October of 2014 and June of 2015, the circuit court held a series of review hearings. The circuit court reviewed summaries and heard which

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

testimony indicated that petitioner continued to abuse drugs, failed to participate in random drug screens, and missed several visits with T.A.

In June of 2015 and August of 2015, petitioner twice moved the circuit court to continue her previously scheduled dispositional hearings due to her waiting for placement in a drug rehabilitation facility. The circuit court granted petitioner's motions and rescheduled the dispositional hearings.

In November of 2015, the circuit court held a dispositional hearing. The DHHR presented testimony and petitioner moved the circuit court for a post-dispositional improvement period. At the close of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court further found that termination of petitioner's parental rights was in T.A.'s best interests. By order entered on November 18, 2015, the circuit court terminated petitioner's parental rights to T.A. It is from this order petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating her parental rights because she successfully completed an inpatient detoxification program and was on the waiting list for a long-term rehabilitation program. However, petitioner's argument is without merit. In petitioner's case, the circuit court properly found that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(1), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

It is clear from the record that petitioner stipulated to abusing drugs, and the drug abuse and criminal activity prevented her from being an appropriate parent. It is also clear from the record that petitioner did little to correct the problems that led to T.A.'s abuse. Despite the services offered to petitioner, she failed to participate in any random drug screens and missed multiple visits with T.A. Case summaries and testimony presented by the DHHR to the circuit court indicated that petitioner failed to consistently participate in the day report program, or call in for her drug screens, and visited T.A. while she was under the influence of drugs. Furthermore, petitioner admitted to failing to fully comply with her improvement period because she lost her job and continued abusing oxycodone and marijuana. Petitioner also admitted to missing her drug evaluation for placement in a drug rehabilitation facility because she "got the dates mixed up" and only completed a drug detoxification program the day before her dispositional hearing. The circuit court found that petitioner failed to complete drug rehabilitation, failed to participate in the proceedings, and failed to visit T.A. consistently. As such, the circuit court correctly determined, based upon the evidence before it, that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Moreover, the circuit court correctly terminated petitioner's parental rights upon these findings, and the further finding that termination was in T.A.'s best interest. In accordance with West Virginia Code § 49-4-604(b)(6), upon such a finding, circuit courts are directed to terminate a parent's parental rights. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

Petitioner also argues that the circuit court erred in denying her request for post-termination visitation. Specifically, petitioner argues that she has a close bond with T.A. and that her visits with him were "consistent and [went] well." While petitioner argues that her bond with T.A. necessitates post-termination visitation, we disagree. Post-termination visitation is a discretionary action and not compulsory upon the circuit court. We have previously held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446460 S.E.2d 692 (1995). We have also recognized that a "close emotional bond generally takes several years to develop . . . [and] the possibility of post-termination visitation is usually considered in cases involving children significantly older than [T.A.]." *In re Alyssa W.*, 217 W.Va. 707, 711, 619 S.E.2d 220, 224 (2005). Additionally, the record on appeal does not demonstrate that petitioner had a close emotional bond with two-year-old T.A. The record indicates that, contrary to petitioner's argument, T.A. was doing well in his

3

foster placement and did not want to visit with petitioner.[2] The circuit court reasonably concluded that post-termination visits with petitioner would not be in T.A.'s best interest. Therefore, we find no error in the circuit court's denial of post-termination visitation between petitioner and T.A.

For the foregoing reasons, the circuit court's November 18, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[2]At the March of 2015 review hearing for petitioner's improvement period, a DHHR worker testified that T.A. was "doing well in his placement and is getting worse about not wanting to go to visits with his mother and father."

4